IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERMAN D. BUCKMAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3287 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 5, the Motion to Dismiss and for Summary Judgment filed by the respondent. The respondent states that the Petition for Writ of Habeas Corpus filed by the petitioner, Herman D. Buckman, pursuant to 28 U.S.C. § 2254, must be dismissed as a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition.

The respondent also states that the petition is barred as untimely under the statute of limitations enacted as part of the AEDPA. See 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

IT IS THEREFORE ORDERED:

1. That the petitioner shall have until January 13, 2006 to respond to the respondent's Motion to Dismiss and for Summary Judgment, and

2. That if an extension of time is requested, the motion should be in writing and filed before January 13, 2006. Requests for extensions are liberally granted.

DATED this 7th day of December, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge