IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERMAN D. BUCKMAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05CV3287 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Herman D. Buckman (Filing No. 1). The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Lancaster County, Nebraska, in 1989 of first-degree murder and use of a weapon to commit a felony. *See State v. Buckman*, 468 N.W.2d 589 (Neb. 1991) (*direct appeal*, No. 89-312), *denial of postconviction relief aff'd*, 613 N.W.2d 463 (Neb. 2000) (Nos. S-99-948, S-99-1009), and *denial of postconviction relief aff'd*, 675 N.W.2d 372 (Neb. 2004) (No. S-03-627). In his motion for additional information for initial review (Filing No. 8), the petitioner also refers to a postconviction action which concluded in 2005 (No. S-05-546).

Even though the petitioner has had two or three postconviction proceedings in the District Court of Lancaster County, he is limited to one habeas corpus petition in this court unless the Eighth Circuit Court of Appeals grants him permission

to file a second or successive habeas petition in this Court. The petitioner filed a previous Petition for Writ of Habeas Corpus in this Court challenging the same conviction. In Case No. 4:00CV3188, the Court entered judgment against the petitioner on November 16, 2000, dismissing that petition, with prejudice, as untimely and barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d). The Court denied a Motion for Reconsideration on January 5, 2001. The judgment in Case No. 4:00CV3188 has become final.

Therefore, the present case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b). Title 28, U.S.C. § 2244(b), as amended by the AEDPA, precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. "The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The petitioner's current § 2254 petition has not been authorized by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).

For the foregoing reasons, the petitioner's Petition for Writ of Habeas Corpus must be dismissed, and the respondent's Motion to Dismiss will be granted.  Until such time as the Eighth Circuit grants the petitioner leave to file a second or successive habeas corpus petition, any such petition filed in this Court will have to be dismissed pursuant to 28 U.S.C. § 2244(b).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of March, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court